UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

NICOLE GRIGNON
1515 South Memorial Drive
Appleton, Wisconsin 54915

    Plaintiff,

v.

JB APPLETON HEALTHCARE LLC
d/b/a THE BRIDGES OF APPLETON
2915 North Meade Street
Appleton, Wisconsin 54911

    Defendant

Case No.: 18-cv-1178

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Nicole Grignon, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff, Nicole Grignon, is an adult female resident of the State of Wisconsin with a post office address of 1515 South Memorial Drive, Appleton, Wisconsin 54915.

4. Defendant, JB Appleton Healthcare LLC d/b/a The Bridges of Appleton was, at all material times herein, a commercial entity with a principal address of 759 Kane Street, South Elgin, Illinois 60177.

5. Defendant owns and operates a location in Appleton, Wisconsin that does business under the trade name of "The Bridges of Appleton," (hereinafter simply "Defendant") which is located at 2915 North Meade Street, Appleton, Wisconsin 54911.

6. Defendant provides skilled nursing and rehabilitation care.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as this term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as this term is defined under the FLSA.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. On or about March 3, 2015, Defendant hired Plaintiff as a Registered Nurse.

14. During the entirety of her employment with Defendant, Plaintiff performed compensable work at Defendant's Appleton, Wisconsin location on behalf of Defendant and/or with Defendant's direction and/or knowledge.

15. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis.

16. During the entirety of her employment with Defendant, Plaintiff was a non-exempt employee for compensation purposes.

17. During the entirety of Plaintiff's employment with Defendant, Defendant evaluated Plaintiff's work performance.

18. During the entirety of Plaintiff's employment with Defendant, Defendant established and controlled Plaintiff's work schedule.

19. During the entirety of Plaintiff's employment with Defendant, Defendant determined the rate and method of monetary compensation received by Plaintiff for hours worked and work performed.

20. During the entirety of Plaintiff's employment with Defendant, Defendant established Plaintiff's hourly rate of pay and the amount, method, frequency, and conditions of other, additional monetary payments.

21. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff for hours worked and work performed on a bi-weekly basis via paycheck.

22. During Plaintiff's employment with Defendant and in addition to Plaintiff's hourly rate of pay, Defendant compensated Plaintiff with monetary payments via check, including bonuses and incentives, on a weekly and/or bi-weekly basis.

23. The monetary bonuses and incentives that Defendant compensated Plaintiff with during her employment with it were generally in the form of shift bonuses, shift differentials, and/or based upon her hours worked and/or work performed as a Registered Nurse.

24. The monetary bonuses and incentives that Defendant compensated Plaintiff with during her employment with it were non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient attendance and/or work performance.

25. During her employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek.

26. Upon information and belief, Defendant's workweek for FLSA purposes was Monday through Sunday.

27. During Plaintiff's employment with Defendant, Defendant failed to include the aforementioned non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours during the representative time period. For example, during the pay period between January 29, 2018 and February 11, 2018, Defendant compensated Plaintiff with non-discretionary bonus payments totaling $27.50, but failed to include these bonuses in Plaintiff's regular rate(s) of pay when determining overtime compensation due to Plaintiff during the workweeks that comprised this representative bi-weekly time period.

28. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating at with the correct overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

29. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff of the appropriate and lawful overtime wages and compensation due and owing to her, in violation of the FLSA.

30. Defendant knew or should have known that, in accordance with the FLSA, it must include all forms of non-discretionary monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

31. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked in a workweek at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

32. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

33. Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

34. Defendant owes Plaintiff earned and unpaid wages at an overtime rate of pay for hours worked and/or work performed during her employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

# CAUSE OF ACTION – FLSA VIOLATIONS
# (OVERTIME PAY – NON-DISCRETIONARY COMPENSATION)

35. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

36. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

37. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

38. Defendant intentionally violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

39. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at the correct overtime rate of pay was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum and overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

40. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

41. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

42. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA;
2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;
3. Grant to Plaintiff liquidated damages against Defendant; and
4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 1st day of August, 2018

                        WALCHESKE & LUZI, LLC
                        Counsel for Plaintiff

                        **_s/ Scott S. Luzi_**
                        James A. Walcheske, State Bar No. 1065635
                        Scott S. Luzi, State Bar No. 1067405
                        Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com